# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

EMMA L. TURNER                                                                         PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:18-CV-248-RP

COMMISSIONER OF SOCIAL SECURITY                        DEFENDANT

## FINAL JUDGMENT

Plaintiff Emma L. Turner filed suit under 42 U.S.C. § 1383(c) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for period of disability, supplemental security income, and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 10. The Court, having considered the record, the administrative transcript, the briefs, and the applicable law, finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

The plaintiff, who was not represented at the administrative hearing, argues that she received inadequate notice of her right to representation because the ALJ did not advise her of that right at the hearing or confirm that she wished to waive it. The Commissioner, citing several documents in the record, argues that the plaintiff received adequate notice of her right to representation, and the Commissioner argue further that any error is harmless. Without deciding whether the plaintiff received inadequate notice of her right to representation, the court agrees with the Commissioner that any error is harmless.

Although a claimant cannot validly waive his right to representation at an administrative hearing without adequate notice of that right, "a claimant who does not validly waive his right to counsel must prove that he was prejudiced thereby in order to merit reversal of the ALJ's

decision." *Brock v. Chater,* 84 F.3d 726, 729 n.1 (5th Cir. 1996). The plaintiff argues that had the plaintiff been represented at the hearing, she would have requested a consultative examination of her knee impairment. In a companion argument, the plaintiff argues the ALJ committed error in finding her knee problems to be non-severe without the benefit of a CE. Although it is true the ALJ owes a heightened duty to develop the record fully when a claimant is unrepresented, an ALJ's decision will be reversed for failure to adequately develop the record only when the claimant was prejudiced thereby. *Brock,* 84 F.3d at 728.

Whether to order a CE is within the discretion of the ALJ. *Anderson v. Sullivan,* 887 F.2d 630, 634 (5th Cir. 1989). "An examination at government expense is not required 'unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability determination.'" *Anderson,* 887 F.2d at 634 (quoting *Turner v. Califano,* 563 F.2d 669, 671 (5th Cir. 1977).

In this case, the only evidence of the plaintiff's knee problems are her subjective complaints, and the medical records consistently reflect the plaintiff had no history of falls, was able to ambulate without assistance, had normal musculoskeletal examinations, and did not complain of knee pain to her medical providers. The record does not establish that a consultative examination of the plaintiff's knee was necessary, let alone that her complained-of knee problems are a severe impairment. The plaintiff points to no evidence that would have been adduced and that could have changed the result of her application had she been represented by counsel. Any error in that regard is therefore harmless, and the Commissioner's decision is AFFIRMED.

**SO ORDERED**, this the 6th day of August, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE